ON SECOND RETURN TO REMAND
D.J.W. appeals from a restitution order issued in an adjudication of delinquency by the juvenile court. On June 21, 1996, we remanded the case to the juvenile court, holding that the juvenile court had abused its discretion in ordering D.J.W. to pay $40,600.19 in restitution and instructing the juvenile court to reconsider the issue of restitution. On September 3, 1996, the juvenile court filed with this court a return to remand showing that it had held another evidentiary hearing and had again ordered that D.J.W. pay $40,600.19 in restitution. Because the juvenile court failed to fully comply with our instructions in that it failed to state specific findings of fact supporting its decision, on December 20, 1996, we again remanded the case with instructions that the juvenile court reconsider the amount of the restitution to be imposed and make specific findings of fact to support its decision. The juvenile court has filed a return to that second order of remand.
Although the juvenile court did not make specific findings of fact as ordered, the court's order of April 9, 1997, shows that it reconsidered the issue of restitution against D.J.W. and determined that the restitution issue will remain "open"; the order indicates that the court will review the case in six months. We interpret this order as vacating that part of its prior order that required D.J.W. to pay $40,600.19 in restitution. We note, however, that should the juvenile court again order restitution against D.J.W. in this case, D.J.W. shall have the right to appeal.
On original submission D.J.W. contended that the juvenile court erroneously ordered "the parents, guardian, or other person having care or control" of D.J.W. to pay restitution of $1,000, pursuant to § 6-5-380, Code of Alabama 1975. The order of April 9, 1997, requires that the restitution to be paid by D.J.W.'s parents be limited to the same sum paid by the parents of D.J.W.'s co-offender. Although the court's order does not show the amount of restitution ordered, it can be inferred that the juvenile court reduced the original amount. No objection has been raised as to this portion of the order; we, therefore, presume that whether restitution is to be paid by D.J.W.'s parents is no longer an issue.
For the above reasons, the judgment of the juvenile court is due to be, and it is hereby, affirmed. *Page 529 
The foregoing opinion was prepared by Retired Appellate Judge JOHN PATTERSON while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All Judges concur.